

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA         :
                                 :
        - v. -                   :   **INFORMATION**
                                 :
HORACE HEDGEPETH,                :   S3 07 Cr. 566 (GBD)
 a/k/a "Monte,"                  :
                                 :
        Defendant.               :
                                 :
- - - - - - - - - - - - - - - - x

## COUNT ONE

The United States Attorney charges:

1. From in or about 2006, up to and including in or about May 2007, in the Southern District of New York and elsewhere, HORACE HEDGEPETH, a/k/a "Monte," the defendant, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that HORACE HEDGEPETH, a/k/a "Monte," the defendant, and others known and unknown, would and did distribute, and possess with intent to distribute, a controlled substance, to wit, fifty grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of Sections 812, 841(a)(1) and 841(b)(1)(A) of Title 21, United States Code.

OVERT ACTS

3.   In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

a.   On or about October 17, 2006, HORACE HEDGEPETH, a/k/a "Monte," the defendant, and a co-conspirator not named herein ("CC-1") had a telephone conversation during which they spoke about HEDGEPETH obtaining narcotics from CC-1.

(Title 21, United States Code, Section 846.)

COUNT TWO

The United States Attorney further charges:

4.   In or about October 2006, in the Southern District of New York and elsewhere, HORACE HEDGEPETH, a/k/a "Monte," the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Title 18, United States Code, Section 1344.

5.   It was a part and an object of the conspiracy that HORACE HEDGEPETH, a/k/a "Monte," the defendant, and others known and unknown, unlawfully, willfully and knowingly, would and did execute and attempt to execute a scheme and artifice to defraud a financial institution, whose deposits were insured by the Federal

Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of said financial institution, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

### OVERT ACTS

6. In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

    a. In or about October 2006, HORACE HEDGEPETH, a/k/a "Monte," the defendant, cashed two counterfeit checks worth approximately $10,000 at a J.P. Morgan Chase Bank in Bronx, New York.

(Title 18, United States Code, Section 1349.)

### FORFEITURE ALLEGATION

7. As a result of committing the controlled substance and bank fraud offenses alleged in Counts One and Two of this Information, HORACE HEDGEPETH, a/k/a "Monte," the defendant, shall forfeit to the United States, pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982, any and all property constituting or derived from any proceeds the said defendant obtained directly or

indirectly as a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in this Information.

Substitute Asset Provision

8. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant --

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third person;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p) and 18 U.S.C. § 982(b), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1), 846 and 853; Title 18, United States Code, Sections 1344, 1349, and 982.)

_____
MICHAEL J. GARCIA
United States Attorney