**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------- x

UNITED STATES OF AMERICA,          :

    -against-          :

                         :          <u>Order</u>

HORACE HEDGEPETH          :          07 Crim. 566 (GBD)

          Defendant.          :

-------------------------------------- x

Defendant Horace Hedgepeth, proceeding *pro se*, requests this Court to amend the restitution amount ordered at sentencing. (*See* Ltr. dated August 19, 2025 ("Def.'s Mot."), ECF No. 249.) The Government opposes the motion. (*See* Ltr. dated November 9, 2025 ("Gov.'s Resp."), ECF No. 256.) Mr. Hedgepeth's motion is DENIED.

## I. PROCEDURAL HISTORY

On April 22, 2008, Mr. Hedgepeth plead guilty to an indictment charging him with one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846; and one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349. (4/22/2008 ECF Entry.)

In anticipation of sentencing, the probation office filed a Presentence Investigation Report "PSR" on June 18, 2008. Both the PSR and the plea agreement calculated that the total loss to the victim of the criminal conspiracy to commit bank fraud exceeded $30,000. The PSR recommended restitution in that amount, and neither party objected to the restitution figure recommended by probation. (Gov's Resp., Ex. D ("Trans."), ECF No. 256, at 16-18.)

On July 23, 2008, this Court sentenced Mr. Hedgepeth to 120 months' imprisonment on Count 1 and 18 months' imprisonment on Count 2, to run concurrently, followed by 5 years of

supervised release. (7/23/2008 ECF Entry; Judgment of Horace Hedgepeth ("Judg."), ECF No. 52, at 1.)   At sentencing, the Government argued that even though "[Mr. Hedgepeth's] participation was limited to $10,000 worth of checks," this Court "certainly has authority to order restitution in the entire amount" of $30,000 owed to JP Morgan Chase. (Trans. at 14-15.)  The $30,000 in restitution was imposed by this Court on a joint and several basis as to Mr. Hedgepeth and his co-defendants. (Judg. at 6.)

Before this Court is Mr. Hedgepeth's motion asking this Court to "correct the restitution amount on Count Two to reflect [his] responsibility of $10,000." (Def.'s Mot. at 1.)

## II.  LEGAL STANDARDS

Federal courts must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994)).

"Although federal courts lack inherent authority to order restitution, they may do so when 'explicitly empowered by statute.'" *United States v. Kyles*, 601 F.3d 78, 82 (2d Cir. 2010) (internal citation omitted).  The Mandatory Victim Restitution Act ("MVRA") "requires a restitution award of 'the full amount of each victim's losses . . . without consideration of the economic circumstances of the defendant.'" *United States v. Walker*, 353 F.3d 130, 132 (2d Cir. 2003) (alteration in the original) (citing 18 U.S.C. § 3664(f)(1)(A)).  If more "than 1 defendant has contributed to the loss of a victim, the court *may* make each defendant liable for payment of the full amount of restitution or *may* apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." *United States v. Ketabchi*, 832 F. App'x 41, 48 (2d Cir. 2020) (emphasis added) (citing 18 U.S.C.§ 3664(h)).

Because restitution is a part of a defendant's sentence, it "is well-established that a district

court may not alter an imposed sentence, except in narrow circumstances." *Kyles*, 601 F.3d at 83. "[A]lthough a statutory provision governing restitution orders permits adjustment of payment schedules based on a material change in the defendant's economic circumstances," *United States v. Kercado*, No. 91 CR. 685 (SWK), 2002 WL 1364027, at *1 (S.D.N.Y. June 24, 2002) (internal quotation marks omitted) (citing 18 U.S.C. § 3664(k)), the section does not explicitly allow district courts to amend the *amount* of restitution payment imposed on a defendant. *See* 18 U.S.C. § 3664(o).

### III. MR. HEDGEPETH'S MOTION IS DENIED

Assuming this Court even has the ability to alter Mr. Hedgepeth's restitution amount, *see Kyles*, 601 F.3d at 83, this Court denies Mr. Hedgepeth's request.   Mr. Hedgepeth pled guilty to two separate conspiracies to distribute narcotics and engage in bank fraud.  (Judg. at 1.)  Indeed, Mr. Hedgepeth received two checks from another person, was directed to go to a bank to cash them, and successfully did so, all while knowing that he had "no authority and no permission from the person who was named on the check to cash the check."  (Gov's Resp., Ex. A ("Allocution"), ECF No. 256, at 19.)  Mr. Hedgepeth also cashed these checks with the knowledge that his actions were illegal and that others were engaged in the scheme.  *(Id.* at 19-20.)

In other words, it is immaterial that Mr. Hedgepeth personally cashed only two checks totaling approximately $10,000.  By pleading guilty to these conspiracies, Mr. Hedgepeth accepted criminal responsibility for the entirety of the fraudulent scheme involving himself and his co-conspirators.  *See Pinkerton v. United States*, 328 U.S. 640, 647 (1949) ("[A]ll members [of a criminal conspiracy] are responsible [for the crime], though only one did the [criminal act]."); *see also United States v. Frenkel*, 682 F. App'x 20, 23-24 (2d Cir. 2017) (holding that members of a

criminal conspiracy are liable for restitution, when members "knew or reasonably should have known" the conspiracy would lead to the victim's loss.).

Accordingly, Mr. Hedgepeth "can be required to make restitution for damage caused to all of the scheme's victims, which means in this case that he can be required to pay the full [$30,000]." *United States v. Tzakis*, 736 F.2d 867, 871 (2d Cir. 1984); *see also United States v. Boyd*, 222 F.3d 47, 51 (2d Cir. 2000) (affirming a district court's decision to "impose a restitution order making [the defendant] liable for the reasonably foreseeable acts of all co-conspirators."); *Ketabchi,* 832 F. App'x at 49 (denying an appeal of a district court's judgment where defendant argued that the district court "should have apportioned a lesser amount to him to reflect his lesser role in the scheme and his economic circumstances" because "the MVRA plainly vests discretion in a court not to do so.").

## IV. CONCLUSION

Because this Court acted wholly within its proper discretion when setting Mr. Hedgepeth's restitution amount at $30,000 for his acts and the acts of his co-conspirators, Mr. Hedgepeth's instant motion is DENIED.

Dated: December 0, 2025
New York, New York

SO ORDERED.

*Geora B. Daniels*

GEORGE B. DANIELS
United States District Judge